# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HARRY M. SANCHEZ,

      Plaintiff,

v.                                                        Civil No. 96-1445 BB/WWD

KENNETH S. APFEL,
Commissioner of Social
Security Administration,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed June 21, 1999 **[docket # 11]**. Defendant contends that this Court lacks jurisdiction to review the Social Security Administration's ("SSA") denial of Social Security benefits to Mr. Sanchez because his application was dismissed on grounds of *res judicata*. While Plaintiff concedes that this Court ordinarily lacks jurisdiction to review such decisions, he believes that his case is an exception to that rule because he presents a colorable constitutional claim.

    2. Plaintiff filed three applications prior to the one which the Administrative Law Judge (ALJ) dismissed on the basis of administrative *res judicata*. The first was filed on April 24, 1991, alleging an onset of disability of December 13, 1988. The application was initially denied on July 3, 1991. The second was filed on September 23, 1991, also alleging an onset of disability of December 13, 1988, and was initially denied on December 19, 1991. Plaintiff filed a third application in April 1993, again alleging an onset of disability on December 13, 1988, which was initially denied on July 15, 1993. Mr. Sanchez did not pursue any of these claims further than the

initial denial.

3. Plaintiff's most recent application was filed on December 15, 1993 and alleged an onset date of December 13, 1988. After an initial denial, he requested reconsideration and a hearing before an ALJ, at which he was represented by counsel. On July 14, 1998, the ALJ determined that Plaintiff's claim was barred by the doctrine of *res judicata*, and further determined that there was no evidence of a mental impairment which prevented Plaintiff from litigating his claim from one administrative level to the next. Plaintiff's period of insured status ended on December 31, 1991.

4. Because the motion to dismiss is based on a lack of jurisdiction, there is no need to convert Defendant's motion to dismiss into one for summary judgment, even though the parties refer to the administrative record which is outside of the complaint. See SK Finance SA v. La Plata County, Bd. of County Commissioners, 126 F.3d 1272, 1275 (10th Cir. 1997); Matthews v. United States, 720 F.Supp. 1535, 1536 (D.Kan. 1989).

5. Section 205(g) (42 U.S.C. § 405(g)) limits federal judicial review of a decision of the Secretary to "a final decision of the Secretary made after hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977)); 42 U.S.C. § 405(g); Dozier v. Bowen, 891 F.2d 769, 771 (10th Cir. 1989). The ALJ's decisions become binding if a claimant does not request review as provided under the regulations. See, e.g., 20 C.F.R. § 404.909(a)(1) & § 404.905; § 404.933(b) and § 404.955(a). Mr. Sanchez' first three applications became final on initial determination when he did not request reconsideration. They are precluded from judicial review under 205(g), since the administrative process was not followed to where they became "final decisions" amenable to judicial review under § 405(g). See § 404.900(a)(5).

2

6. The ALJ declined to reopen Plaintiff's case on the basis of the fourth application, and on finding it to be based on the same claim as in the prior applications, dismissed it on the basis of *res judicata.* Administrative *res judicata* may be applied when a previous determination was made on a claim that contains the same issue or issues, "and this previous determination or decision has become final by either administrative or judicial action." (emphasis added) 20 C.F.R. § 404.957(c)(1). Judicial review is precluded for this last application, since decisions not to reopen and to apply *res judicata* are discretionary and not "final decisions" under § 405(g). See Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990); Nelson v. Sec'y of Health & Hum. Serv., 927 F.2d 1109 (10th Cir. 1990).

7. However, when the claimant presents at least a colorable constitutional challenge which is collateral to the claimant's substantive claim and there is a possibility of irreparable harm, section 405(g) provides a jurisdictional basis for judicial review. Matthews v. Eldridge, 424 U.S. 319, 332 (1976); Califano, 430 U.S. at 108; Dozier v. Bowen, 891 F.2d 769, 771 (10th Cir. 1989). Because Plaintiff alleges such claims here under different theories (one of which provides a sufficient basis for remand) and because his insured status period has expired, I find that this Court has jurisdiction over this action.

*Mental Impairment*

8. Plaintiff's main argument is that his Post Traumatic Stress Disorder (PTSD) prevented him from pursuing the appeals process. After the hearing which was held on the fourth application, Plaintiff submitted two letters, dated May and July of 1988, from a Veterans Administration psychiatrist Dr. Tuason, that Plaintiff suffered from PTSD which impaired his ability to understand and follow the administrative procedures in appealing the ALJ's decisions on

his first three applications. Tr. at 36, 37. Plaintiff testified that he was having "[e]motional pain" and "worried constantly." He said that in 1991 he was a "space case" because he was taking Talwin for pain, Tr. at 56, and drinking alcohol "to comfort my mind and my heart." Tr. at 57-59.

9. A constitutional interest is implicated when a pro se claimant lacks the mental ability to pursue an appeal of an administrative appeal. See, e.g.., Schrader v. Harris, 631 F.2d 297 (4th Cir. 1980); see Kapp v. Schweiker, 556 F.Supp. 16, 20 (N.D.Cal. 1981) (plaintiff denied due process where ALJ applied *res judicata* because plaintiff's failure to pursue administrative remedies as to his earlier claims were the result of his mental impairments, and plaintiff was unassisted by counsel on the prior applications); Young v. Bowen, 858 F.2d 951, 954 (4th Cir. 1988); Parker v. Califano, 644 F.2d 1199 (6th Cir 1981) "meaningful notice" not received where mental impairment impeded ability to understand and comply with notice of further administrative procedures and where medical evidence indicated some degree of mental illness and where complaint also contained allegations of mental disability).

10. Mr. Sanchez testified that he was told by Dr. Tuason that he had been suffering from PTSD for over 10 years but it became severe only after he was unable to work. Tr. at 64. On one of Plaintiff's prior disability applications, the interviewer for Disability Determinations Services suggested the possibility of "some psychiatric problems." Tr. at 188. And in May and July 1988, Dr. Tuason provided Plaintiff with a note diagnosing him with PTSD, stating that "in 1993 Mr. Sanchez' mental condition precluded him from understanding and following administrative procedures to protect his legal rights." Tr. at 37.

11. Plaintiff has had the opportunity to argue the existence of "good cause" for

4

reopening the case, based on the existence of this particular mental impairment. See 20 C.F.R. § 404.987, § 404.988. However, both the ALJ and the Appeals Council considered the evidence which included Plaintiff's testimony and Dr. Tuason's diagnosis and found that Plaintiff's impairment at the time of the prior applications was not significant enough to have prevented him from understanding his appeal rights.[1] Cmp. Boock v. Shalala, 48 F.3d 348, 352, 353 n.8 (8th Cir. 1995) (no violation of due process shown where plaintiff had full opportunity to apply for an extension of time based on mental impairment causing difficulty understanding the notice of decision). The ALJ also noted that although Plaintiff stated that he was experiencing difficulty from PTSD, and notwithstanding his admitted drinking problem and the fact that he did not have legal counsel,[2] none of the medical evidence said that these difficulties were significant enough to prevent him from understanding his appeal rights.

12. Plaintiff cites to Ott v. Chater, 899 F.Supp. 550, 552-53 (D.Kan. 1995) to argue that the ALJ should have used the services of a medical advisor to ascertain onset date. While a diagnosis of PTSD poses some real questions about pinpointing an onset date, that inquiry relates more to an examination of the underlying merits of Plaintiff's claims and is irrelevant for the threshold questions before the Court here pertaining to the due process question. The latter inquiry focuses on the nature and severity of Plaintiff's impairment during the time he filed the prior applications. By that time, the record contained one of the reports by Dr. Tuason as well as

---

[1] The ALJ relied on Social Security Ruling 91-5p which provides that prior claims would be reopened for "a claimant who presents evidence that mental incapacity may have prevented him. . . from understanding the review process" and who was without legal representation. Tr. at 45.

[2] Plaintiff testified at the hearing that he was represented by the Disability Advocacy Clinic in at least one of his applications. Tr. at 61.

5

Plaintiff's testimony, and Dr. Tuason's second letter was submitted for the record prior to the Appeals Council's review. Thus, I find that because Plaintiff's mental impairment did not in itself prevent him from understanding his appeal rights, his due process rights were not violated on this basis.

*Unadjudicated Period*

13. Plaintiff next alleges that remand is required because the period of time from December 19 through December 31, 1991 remains unadjudicated, based on the date Plaintiff's second application was denied (December 19, 1991). The Appeals Council found that Plaintiff's third application, which was denied on July 15, 1993, covered that period and that Plaintiff had earnings in excess of $17,000 in 1994 which would "mitigate against a potential finding of continuous disability" before 1991.[3] Plaintiff contends that it is not clear whether his third application was denied on the merits or on the basis of *res judicata*. See Tr. at 176. Regardless of the basis for dismissal, remanding for an adjudication of this discrete period of time would be pointless, given that the basis for Plaintiff's claim as well as available evidence throughout the insured period remains the same.

*No Prior Hearing*

14. Plaintiff contends that 42 U.S.C. § 405(h) prohibits the Commissioner from applying the doctrine of administrative *res judicata* to a prior application in which no hearing took place, based on the language in § 404(h):

the "finding and decision of the Secretary *after a hearing* shall be binding upon all

---

[3] Plaintiff stated that this work lasted only about a month and that he was making $45.00 an hour with double and hazardous pay upgrading the communications system in a building. He said that he was terminated when the employer found out about his back injury. Tr. at 62.

6

individuals who are parties to such hearings." (emphasis added).

In this case, however, the ALJ *did* hold a hearing before he applied *res judicata*. This situation differs from that in which the doctrine is applied without a hearing and the prior determination was made without a hearing as well. See, e.g.., Dealy v. Heckler, 616 F.Supp. 880 (W.D.Mo. 1984); see also Young v. Bowen, 858 F.2d at 954 (noting confusion between issues of res judicata and administrative finality), cited in Martin v. Shalala, 927 F.Supp. 536, 543 n.3 (D.N.H. 1995).

15. Mr. Sanchez' prior determinations became final, not through the application of *res judicata*, but by a failure to proceed through the administrative process. Section 405(h)'s provision for hearing is thus not inconsistent with what happened here.[4] Plaintiff's due process rights were not violated on this ground.

*Deficient Notice*

16. Although the existence of Plaintiff's mental impairment alone is not sufficient to have prevented him from understanding the appeals process, I find that, when combined with the inadequate notice he received on the initial denial of his first application, it does sufficiently offend notions of due process such that Mr. Sanchez' case should be remanded. See Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir. 1990) (misleading notice form violates claimant's fifth amendment right to procedural due process); Dealy v. Heckler, 616 F.Supp. 880, 884 (W.D.Mo. 1984); Fortner v. Shalala, unpubl. op., 1993 WL 141905 (D.Kan.1993).

17. The second and third notices of denial which Plaintiff received differ markedly from the first. In the second and third notices, Plaintiff was clearly instructed about his right to appeal

---

[4] Similarly, whether 20 C.F.R. § 404.957(d)(1) is inconsistent with § 405(h) is also not at issue here, since a hearing was held.

the decision and the consequences of not doing so. Tr. at 101, 176. However, the first denial notice in no way informs Plaintiff that if he did not request reconsideration within 60 days the decision would become binding. See 20 C.F.R. § 404.909(a)(1); § 404.905.

18. I agree with Plaintiff that his subsequent filing of new applications instead of appealing the decisions demonstrates adequately his reliance on the unclear language of the notice. See, e.g., Day v. Shalala, 23 F.3d 1052, 1066 (6th Cir. 1994); Gonzales v. Sullivan, 914 F.2d 1197 (9th Cir. 1990)(use of notice which did not indicate that determination denying benefits was final if no request for reconsideration was made violated claimant's due process rights); Combined with the existence of some mental impairment and the fact that he was proceeding pro se at the time, the case should be remanded for consideration of Plaintiff's claims on the merits.

**Recommendation**

I recommend that Defendant's Motion to Dismiss **[docket # 11]** be DENIED and that this case be remanded to the Commissioner for a consideration of Plaintiff's claims on their merits. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE